**Stefanus Kotot INDARTO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72570.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 3, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. Petr. 34(a)(2).

Albert C. Lum, Esq., Law Office of Albert C. Lum, Las Vegas, NV, for Petitioner.

** This disposition is not appropriate for publication and is not precedent except as provid-

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Lindsay L. Chichester, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Stefanus Kotot Indarto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Indarto's contentions that changes in country conditions or changes in asylum law, constitute changed or extraordinary circumstances excusing his untimely asylum application because he failed to raise these issues to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004). In-

ed by 9th Cir. R. 36–3.

darto has forfeited any challenge to the agency's determination that his lack of knowledge excused the late filing of his asylum application. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ Substantial evidence supports the IJ's finding of no past persecution because Indarto's experiences do not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995). Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies to withholding of removal claims by an Indonesian Christian, Indarto has not established a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Lastly, the record does not compel the conclusion that Indarto demonstrated a pattern or practice of persecution against Indonesian Christians. *See Lolong v. Gonzales,* 484 F.3d 1173, 1180–81 (9th Cir.2007) (en banc). Accordingly, Indarto's withholding of removal claim fails.

■ Substantial evidence also supports the agency's denial of CAT relief because Indarto has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**